

Ius Laboris USA Global HR Lawyers
FordHarrison

CityPlace II, 185 Asylum Street
Suite 820
Hartford, CT  06103
Tel 860-740-1355  |  Fax 860-578-2075

Writer's Direct Dial:
SAMI ASAAD
860-740-1357
sasaad@fordharrison.com

October 20, 2022

The Honorable Carol Bagley Amon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: *Benzor Shem Vidal v. Advanced Care Staffing, LLC*
      Civil Action No.: 22-CV-5535

Your Honor:

  This firm represents defendant Advanced Care Staffing, LLC ("ACS").  Pursuant to Rule 3 (A) of Your Honor's Individual Motion Practices and Rules, ACS respectfully requests a pre-motion conference with respect to its proposed *Fed. R. Civ. P*. 12(b)(1) motion to dismiss plaintiff Benzor Shem Vidal's ("Mr. Vidal") Complaint or, in the alternative, to compel arbitration.

**I. The Parties' Arbitration Agreement and Pre-Existing Arbitration Proceeding**

  On May 8, 2019, Mr. Vidal and ACS entered into an employment agreement. On January 4, 2022, the parties executed an Amended and Restated Employment Agreement (the "Agreement") containing a broad arbitration provision. Schedule B to the Agreement, titled *Dispute Resolution Provision*, provides, in relevant part:

> As a condition of my employment with Advanced Care Staffing, LLC ("Employer"), except for Employer's enforcement of restrictive covenants as provided for in Section 6(c) of the Agreement, I agree that any dispute, controversy or claim arising between me and Employer (including a dispute, controversy or claim arising out of, in connection with or relating to, this Agreement, or other interpretation, performance or breach, termination or validity thereof) shall be resolved by arbitration pursuant to this dispute resolution provision (the "Provision"). …. I, therefore, waive my right to sue in court and have a jury trial.
>
> I agree that arbitration will be administered by the American Arbitration Association ("AAA") and that the AAA's Commercial Arbitration Rules in effect at the time of the dispute will govern, except as modified by this Provision. I understand that the AAA's Commercial Arbitration Rules are available online at www.adr.org.

October 20, 2022

On July 8, 2022, ACS filed a Demand for Arbitration with the American Arbitration Association seeking damages for breach of the Agreement (Doc. 1), and in August, Mr. Vidal formally appeared. On September 7, 2022, the AAA appointed Sara D. Kula, Esq. as Arbitrator. On September 12, 2022, absent any objection by either party, the AAA confirmed the appointment of Arbitrator Kula and scheduled a Management Conference.

On September 16, 2022, Mr. Vidal filed the Complaint before this Court but did not serve ACS until October 3 (via Secretary of State).

On September 22, 2022, Mr. Vidal and ACS appeared for the Arbitrator's Management Conference and agreed to a number of dates, including a deadline of October 6 for Mr. Vidal to submit a letter contesting arbitrability.

On October 6, 2022, Mr. Vidal submitted a letter contesting the AAA proceedings, making the same arguments contained in his Complaint and attaching a copy of the Complaint. Today, October 20, 2022, ACS filed its letter in opposition to Mr. Vidal's request for a stay of the arbitration. Against this background, we are seeking permission to move to dismiss the action pending before this Court.

## II. Grounds for Dismissal or in the Alternative Compelling Arbitration

### a. The Federal Arbitration Act Mandates Enforcement of the Arbitration Agreement.

The Federal Arbitration Act ("FAA") provides that arbitration agreements "shall be valid, irrevocable and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. There is a strong presumption in favor of enforcing arbitration agreements under the FAA. *See AT&T Mobility LLC v*. Concepcion, 131 S. Ct. 1740, 1742 (2011).

### b. Threshold Questions of Arbitrability Must Be Decided by the Arbitrator.

An arbitration agreement is determinative in dictating whether the arbitrability of a dispute is to be resolved by the court or the arbitrator. *DDK Hotels, LLC v. Williams-Sonoma, Inc*., 6 F.4th 308, 318 (2d Cir. 2021*)*; citing *First Options*, 514 U.S. at 943, 115 S. Ct. 1920. In *DDK Hotels*, the Second Circuit noted that Rule 7(a) of the AAA's Commercial Arbitration Rules (the "AAA Rules") provides that "[t]he arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement," and found that "incorporation of [the AAA Rules] into an arbitration agreement to be relevant in evaluating whether there is clear and unmistakable evidence of the parties' intent to delegate the question of arbitrability to the arbitrator." *Id.* At 318 (quoting the AAA Rules, found at https://adr.org/sites/default/files/Commercial%20Rules.pdf). The court stated that "where the arbitration agreement is broad and expresses the intent to arbitrate all aspects of all disputes, this – coupled with incorporation of rules that expressly empower an arbitrator to decide issues of arbitrability – constitutes clear and unmistakable evidence of the parties' intent to delegate the question of arbitrability to the arbitrator." *Id.* at 318-19.

October 20, 2022

Here, the arbitration agreement is broad and expresses the parties' intent to arbitrate "***any dispute***, controversy or claim arising between [the employee] and Employer (including a dispute, controversy or claim arising out of, in connection with or relating to, this Agreement, or other interpretation, performance or breach, termination or validity thereof)." (Emphasis added). The broad language of agreement, coupled with the incorporation of the AAA's rules (including Rule 7(a)), constitutes clear and unmistakable evidence of the parties' intent to delegate the question of arbitrability to the arbitrator.

Furthermore, not only did the parties in this case agree to submit questions of arbitrability to the arbitrator, ***they have already done so***. Pursuant to Arbitrator Kula's scheduling order, Mr. Vidal filed a letter on October 6 contesting arbitrability, and ACS filed its opposition today.

### c. If the Court Were to Determine that It Must Decide Arbitrability, The Parties' Agreement Warrants an Order Compelling Arbitration

In deciding whether a motion to compel arbitration should be granted, the Court must determine: (1) whether an agreement to arbitrate exists, (2) whether the agreement to arbitrate encompasses the dispute at issue, and (3) whether the agreement to arbitrate is otherwise valid. *See* 9 U.S.C. § 4; *see also Howsam v. Dean Winter Reynolds, Inc.*, 537 U.S. 79, 84 (2002).

Here, as described above, the Amended and Restated Employment Agreement contains (and Mr. Vidal does not dispute) an agreement to arbitrate ***all*** claims, and ACS's breach of contract claim against Mr. Vidal is squarely within its scope. Mr. Vidal appears to only dispute the validity of the arbitration agreement, asserting in various ways that the terms of the agreement are substantively unconscionable. Mr. Vidal's arguments, however, are without merit, having previously been considered and rejected by courts. *See e.g., Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 33 (1991) ("Mere inequality in bargaining power... is not a sufficient reason to hold that arbitration agreements are never enforceable in the employment context ...."); *NetJets Aviation, Inc. v. LHC Commc'ns, LLC*, 537 F.3d 168, 175 (2d Cir. 2008)("Under New York law, a contract that provides for an award of reasonable attorneys' fees to the prevailing party in an action to enforce the contract is enforceable if the contractual language is sufficiently clear."); *Saizhang Guan v. Uber Techs., Inc.*, 236 F. Supp. 3d 711, 732 (E.D.N.Y. 2017)(rejecting an attack on arbitration based on fee-splitting because the challenge was limited to a review of the potential costs for "the arbitration of enforceability")(quoting *Rent–A–Center, West, Inc. v. Jackson*, 561 U.S. 63, 74 (2010)).

For all of the reasons stated above, ACS intends to move to dismiss Mr. Vidal's Complaint or, in the alternative, compel arbitration.

Sincerely,

Sami Asaad