# EXHIBIT 2



This Employment Agreement (the "Agreement") is hereby made this date May 7, 2019, by and between Advanced Care Staffing, LLC, 1000 Gates Avenue, Suite 5B, Brooklyn, NY 11221, United States of America (the "Employer"), and Benzor Shem R. Vidal, a Registered Professional Nurse and current resident of 27 Rizal Avenue Extension Mambaling Cebu City, Cebu, Philippines, (the "Employee").

WITNESSETH:

WHEREAS, Employer is a healthcare staffing agency in the business of recruiting and deploying healthcare professionals to contracted medical facilities;

WHEREAS, Employer has determined that there is an insufficient number and shortage of Registered Professional Nurses to meet the present and future needs of its contracted medical facility providing skilled nursing and rehabilitation to elderly and infirmed residents; and,

WHEREAS, Employer has determined that as a result of said shortage, it must recruit Registered Professional Nurses outside of the United States in order to be properly staffed; and,

WHEREAS, Employee is a Registered Professional Nurse having received a bachelor's degree in nursing from an accredited university; and,

WHEREAS, Employee has promised that he or she will exhaust all means necessary—and in a timely manner—to obtain and maintain a Visa Screen certificate from the Commission on Graduates of Foreign Nursing Schools Certification Program, and obtain and maintain an unrestricted license to practice Nursing in the State of New York, Connecticut, New Jersey or Florida;

WHEREAS, the Employee hereby confirms and affirms that he or she is not bound by any other employment agreement with any other Employer.

WHEREAS, if the Employee has a pending or approved Form I-140 petition filed by another employer/petitioner, the Employee affirms and confirms that he or she no longer wishes to pursue employment with such employer/petitioner.

WHEREAS, Employee desires to relocate to the State of New York, Connecticut, New Jersey or Florida in the United States of America and desires to become employed and receive remuneration and benefits from Employer;

WHEREAS, Employee shall accept Employer's assigned contracted medical facility; and

WHEREAS, Employee shall accept any shift assigned made by the assigned contracted medical facility in accordance with the contract between the medical facility and the Employer.

WHEREAS, Employer will shoulder the following fees and costs: attorney fee, USCIS and NVC filing fees, RN State licensing fees, Visa Screen fee, credentialing fee, and medical examination fee, excluding any and all fees for dependents.

WHEREAS, Employee understands that the approval or disapproval of the petition rests solely upon the discretion of the USCIS and that, Employer makes no representations and warranties that said petition will be approved by USCIS, or that the USCIS will act one way or the other on the petition. WHEREAS, Employee holds the Employer free and harmless from liability whatsoever in the event the petition is disapproved by the USCIS or for any reason the Employee is prevented from lawfully staying or working in the USA.

WHEREAS, Employee is able to read, write, and understand English proficiently and with ease, and has read and understood this entire Agreement; and,



WHEREAS, Employee has been given a reasonable and sufficient opportunity to consider this Agreement and to consult with his or her own attorney prior to executing this Agreement; now:

EMPLOYER AND EMPLOYEE DO HEREBY AGREE AS FOLLOWS:

**I.   Job Duties and Requirements**

1. The Employer agrees to employ the Employee in accordance with the terms of this agreement as a Registered Professional Nurse and the Employee agrees to accept such employment.

2. Employee shall exhaust all means necessary to obtain and maintain a Visa Screen Certificate from the Commission on Graduates of Foreign Nursing Schools (CGFNS) and as soon as practicable obtain and maintain an unrestricted license to practice Nursing in the State of New York, Connecticut, New Jersey or Florida.

3. The Employee's job duties are generally described as follows: Provide general nursing care to patients in a rehabilitation and health care center. Administer prescribed medications and treatments in accordance with approved nursing techniques. Prepare equipment and aid physician during treatments and examinations of patients. Observe patient, record significant conditions and reactions, and notify supervisor or physician of patient's condition and reaction to drugs, treatments, and significant incidents. Take temperature, pulse, blood pressure, and other vital signs to detect deviations from normal and assess condition of patient. Employee may also be required to make beds, bathe, and feed patients and shall perform such other duties associated with the job of a Registered Professional Nurse as may be assigned to him/her by the Employer.

4. Employee agrees to devote his/her professional efforts in the full time practice of Nursing exclusively to the interest of the Employer. Employee shall devote his/her utmost knowledge and best skill to the care of such patients entrusted to him/her. Employee shall conduct himself/ herself in strict conformance to the principles of medical ethics and standards of the healthcare profession and its governing bodies.

5. Other than for Employer herein, Employee agrees not to engage in the practice of Nursing, or in any other occupation, for any other company, facility, hospital, entity or private individual during the time of his or her employment. This exclusivity provision is binding upon the Employee immediately signing this agreement.

6. Employee agrees to comply with all policies, standards, and procedures of Employer and assigned contracted medical facility, which shall, from time to time, be reasonably promulgated.

7. Employer may mandate additional shifts where the nature of the work requires continuous operation and the stoppage of work may result to deficiency in quality of nursing care. Employer will assign the unit that the nurse will perform his/her duties in.

8. Employer has the right at its sole discretion to transfer this agreement to any of its affiliates.

**II.   Wages, Hours, Work Days, and Benefits**

9. As of the Commencement Date, Employee will be paid a base salary in accordance with the prevailing wage for the geographic area in which the employee is assigned to work, as determined by the National Prevailing Wage and Helpdesk Center (NPWC) of the United States Department of Labor.

10. All compensation paid to Employee by Employer shall be subject to customary withholding and employment taxes as required by law.

11. On or before the beginning of each work week, or as soon as thereafter practical, the Employer, at its discretion, will schedule the Employee to work on one of the following three (3) "daily shifts":

   7:00 a.m. to 3:00 p.m.



      3:00 p.m. to 11:00 p.m.
      11:00 p.m. to 7:00 a.m.

The Employee will be paid the base pay in accordance to item # 9 in one of the following three (3) "daily shift". The Employee will be given unpaid meal period during each work shift.

The Employee shall work on full-time over a fifty-two (52) week year. The Employee shall be required to work on an alternate weekend, both Saturday and Sunday. The Employee must render at least five (5) shifts and will be given two (2) rest days in a week by the Employer.

12. Employees will be subject to performance reviews by Employer on a yearly basis. After each performance review, the Employer, at its discretion, and subject to Employees performance in his/her job duties, may increase the hourly wage described in paragraph 9 up to three percent (3%) yearly to cover additional cost of living expenses.

13. Vacation Benefits - All full time employees accrue five (5) days of vacation. Vacation will be granted as approved by your supervisor and can be used by the Employee starting from one year work anniversary date.

14. Holiday Benefits – Employee is entitled to time and a half when they report for work on the designated holidays recognized by the Employer and contracted medical facility where they are assigned. Because we provide care 24 hours per day, 7 days per week, you may be scheduled to work on a holiday based on overtime rate defined by the Department of Labor's State of employment.

15. Sick Pay Benefit – An Employee accrues sick leave at the rate of one (1) hour for every 30 hours worked, up to a maximum of 40 hours of sick leave per calendar year. Because Sick Pay is designed to be used as income protection in the event of an extended illness or accident, it cannot be cashed out at the end of the year or at the time of termination. Medical documentation will be required from a licensed health care provider when used for more than three (3) consecutive days.

    **III.**     **Employer Responsibilities, Termination of Agreement, and other Miscellaneous Items**

16. Employer is willing to take all necessary steps to sponsor the Employee as a Registered Nurse in order to obtain an immigrant visa for the Employee to enter the United States to be employed as contemplated herein.

17. Employer shall furnish to Employee all of the necessary equipment, facilities, and supplies for Employee to practice Nursing, together with appropriate assistance from trained technicians, doctors, or office staff. The cost of providing these support services shall be borne solely by Employer. However, it is understood by Employee and Employer that, all instruments and equipment furnished to or for Employee by Employer shall at all times remain the property of Employer. Employer shall exercise direction over and give support to Employee in regard to standards, policies, record keeping, and treatment procedures. During the term of this agreement, Employer shall, at Employer's expense, obtain and maintain professional malpractice insurance to cover liabilities of both Employer and Employee resulting from the practice of Nursing by Employee on behalf of Employer.

18. The employee agrees to be employed by the Employer under the terms of this contract for three (3) years. This is commencing on start of work at the assigned contracted medical facility. The three (3) year employment period shall be deemed to have been completed upon rendering an equivalent of 5460 man hours of actual service. If Employee is not able to fulfill the required 5460 man hours in three (3) years, this contract is still in full effect until the Employee satisfies this condition. If Employee wishes to stay after the contract period, this will be on at-will basis.

19. If Employee voluntarily terminates his/her employment with the Employer prior to the expiration of the term of this Employment Agreement, if Employee is terminated for cause, or if Employee otherwise breaches any of the



provisions of this Employment Agreement and stops working for the Employer, the Employee agrees that the Employer has spent a considerable sum of money in recruiting costs, licensure/certification review and credentialing costs, exam costs, Visa Screen costs, attorney's fees, petition filing costs, flight and/or transportation costs, housing costs, etc. to enable him/her to work with Employer in the United States, and that some of those costs are readily calculable and some of those costs are difficult to calculate.

As a result, the Employee acknowledges and agrees that the sum of $20,000.00 USD represents a reasonable and legitimate attempt by the Employer to calculate the costs incurred on the Employee's behalf and the amount of damages to which the Employer would be entitled to receive in a legal action brought against the Employee for breach of contract. The Employee acknowledges and agrees that the sum of $20,000.00 USD is not a penalty and is not a buy-out clause. If you breach your contract you will be subject to litigation. This can include but will not be limited to any damages, lost profits, direct and indirect costs that the Employer will suffer as a result of your breach of contract. Refusal of work assignments and false declaration or any form of misrepresentation related to, but not limited to, submission of documents and information to the Employer will constitute a breach of contract.

The Employer may enforce the liquidated damages provisions contained above of this Employment Agreement through any or all of the following:
- Enforcing the terms and conditions of the attached promissory note;
- To the extent of allowable under New York State, Federal Immigration and Labor Department laws and regulations, the Employer at its discretion may deduct any amounts from the Employee's last Pay check(s).

The Employee agrees that in the event The Employer is obligated to enforce the liquidated damages provisions contained above of this Employment Agreement by legal action of any type, the Employer shall also be entitled to reimbursement for all reasonable costs and attorney's fees incurred by it.

20. All disputes arising out of this Agreement or Employee's employment, including but not limited to Employee's recruitment, hiring, termination, and/or failure to complete/fully perform paragraph 18 with the Employer, shall be resolved exclusively by mandatory arbitration of the dispute, except that Employer may seek injunctive relief and other equitable remedies in a court of competent jurisdiction. Arbitration is an alternative dispute resolution process that involves submission of disputes to one or more impartial persons for a final and binding determination. Employee and Employer both understand and agree that they are knowingly and voluntarily waiving, to the extent permitted by law, any rights they might have to a trial by jury on any discrimination, contractual, employment, or other claims under federal, state, or local law, except that Employer does not waive its right to trial by jury on any claims for injunctive relief. As to any dispute or controversy which is subject to arbitration, neither Employer nor Employee may bring any action, proceeding, suit at law or in equity based on such dispute or controversy, other than a suit to confirm, enforce, vacate, modify or correct the award of the arbitrator as provided by law or for injunctive relief. The parties mutually select, designate and appoint (to be determined by both parties) as arbitrator of any and all such disputes, and if he is unavailable due to death, disability, conflict of interest, or other good cause, then parties mutually select, designate, and appoint (to be determined by both parties). The arbitrator shall have no authority to alter or modify any of the terms and conditions of this agreement, and may not enter any award which alters, amends or modifies the terms or conditions of this agreement in any form or manner. The arbitrator is authorized to determine liability and to award compensatory damages, if any, together with the highest rate allowable by law, but is not authorized to award punitive damages or injunctive relief'. Each party shall be responsible for paying half of all arbitration fees and expenses so that such costs are shared equally; provided however that the arbitrator is authorized to determine whether and to what extent each party has prevailed and to award a prevailing party its, his, or her own attorney's fees, disbursements, expert witness fees, costs, and expenses incurred in connection with the dispute. The arbitrator shall provide the parties with a written determination of the outcome of the arbitration and an accompanying opinion setting forth the bases for such determination. The Employer and Employee agree in advance, on a voluntary basis, that such arbitration shall be final and binding, and both Employer and Employee will be bound by its outcome. The award of the arbitrator may be docketed, entered, and enforced as a judgment in the applicable State of New York, Connecticut, New Jersey or Florida Supreme Court or any other Court of competent jurisdiction.

ACS – International Recruitment – rev. February 2019



21. Notwithstanding paragraph 19, the Employer at any time may discharge Employee for cause, or as a result of the death or disability of the Employee, Discharge under this paragraph would automatically terminate the contract herein.

22. This agreement shall be interpreted, construed and enforced pursuant to and in accordance with the laws of the State of New York, Connecticut, New Jersey or Florida.

23. Whenever the context hereto requires, the gender of all words shall include the masculine, feminine, and neuter and the number of all words shall include the singular and plural.

24. This agreement and amendments thereto shall be in writing and executed in multiple copies. Each multiple copy shall be deemed an original, but all multiple copies shall constitute one and the same instrument.

25. Any Notice, Demand or Communication required, permitted or desired to be given hereunder shall be deemed effectively given when personally delivered or mailed by prepaid certified mail, return receipt requested, addressed as follows:

| To Employee: | To Employer: |
|---|---|
| Name: Benzor Shem R. Vidal | ADVANCED CARE STAFFING |
| Address: 27 Rizal Avenue Extension Mambaling Cebu City, Cebu, Philippines, | 1000 Gates Avenue, Suite 5B Brooklyn, NY 11221 |

Either party may designate a new future address in New York / Connecticut / New Jersey / Florida, or to the attention of such other person(s) or officer(s) as either party may designate by written notice to the other party. Further, Employee shall at all times keep Employer notified of his/her home address and home telephone number.

26. The waiver by either party of a breach or violation of any provision of this agreement shall not operate as, or be construed to be, waiver of any subsequent breach of the same or other provision hereof.

27. The provisions of this agreement shall be self-operative and shall not require further agreement by the parties; provided however, each party shall, at the request of the other, execute such additional instruments and take such additional acts as may be necessary to effectuate this agreement.

28. This agreement supersedes all previous employment contacts and constitutes the entire agreement between the parties.

**IN WITNESS WHEREOF,** the parties have executed the Agreement in multiple originals as of the date above written.

| For Employee: | For Employer: |
|---|---|
| Signature Over Printed Name: Benzor Shem R. Vidal | Sam Klein |
| Title: Registered Nurse | COO |
| Date: May 7, 2019 | |

ACS – International Recruitment – rev. February 2019



# TERM OF PROMISSORY NOTE

Date: May 7, 2019

For value received, the Borrower, Benzor Shem R. Vidal, currently residing in (Address) 27 Rizal Avenue Extension Mambaling Cebu City, Cebu, Philippines, promises to pay to the order of Advanced Care Staffing, LLC ("Creditor") the principal sum of **Twenty Thousand US Dollars** ($20,000.00).

All principal outstanding hereunder, at the option of the Creditor, shall become immediately due and payable without notice or demand upon the occurrence of any of the following events of default:

Upon termination of the Borrower's employment with the Creditor within **three (3) years** of joining the employ of the Creditor or before the Borrower has worked **5460 billable hours** for the Creditor, whichever occurs later, either voluntary by the Borrower's own action, or by a Just Cause termination by the Creditor and/or a Breach of the Employment Agreement by the Borrower.

The Borrower hereby waives presentment, demand, notice protest and all other demands and notices (including the extent allowable under the State of New York, Connecticut, New Jersey or Florida, Service of Process) in connection with the delivery acceptance, performance, default, or enforcement hereof and consents that this Promissory Note may be extended from time to time and that no such extension or other indulgence shall discharge or otherwise affect the liability of the Borrower. No delay or omission on the part of the Creditor in exercising any right hereunder shall operate as a waive of any such right or of any other right hereunder and a waiver of any such right on any one occasion shall not be construed as a bar to or waiver of any such right on any future occasion.

The Borrower intends and agrees to pay on demand all costs and expenses (including legal costs and attorney's fees) incurred or paid by the Creditor in enforcing the Promissory Note.

Any notice, consent, request, demand, or other communications required or permitted to be given under this agreement by either party shall be in writing.

This Promissory Note shall inure to the benefit of and shall bind the heirs, executors, administrators, successors, and assigns of the parties.

This Promissory Note shall be governed by and construed under the laws of the State of New York, Connecticut, New Jersey or Florida, USA.

This Promissory Note shall take effect as a sealed instrument as of the date set forth above.

By: _____
Name: Benzor Shem R. Vidal
**Borrower**



1000 Gates Avenue, Suite 5B
Brooklyn, NY 11221
(T) 718 305 6700
(F) 718 305 6824
www.advancedcarestaffing.com

# ADDENDUM A
## Timeline for ACS-Sponsored Registered Nurses

This Sponsorship Agreement (the "Agreement") dated this   May 7, 2019  , by and between **ADVANCED CARE STAFFING, LLC** with business address at ***1000 Gates Avenue, Suite 5B, Brooklyn, NY 11221***, ("Employer") and   Benzor Shem R. Vidal  , a Registered Professional Nurse and a current resident of   27 Rizal Avenue Extension Mambaling Cebu City, Cebu, Philippines   ("Employee").

WHEREAS, the Parties wish to modify the original stated contract, as set forth herein.

NOW THEREFORE, in consideration of the mutual promises herein, the parties, intending to be legally bound, hereby agree that the following constitutes conditions of the stated contract. The contract will be modified as follows.

WITNESSETH:

WHEREAS, Employer has recruited and sponsored Employee for EB3 Immigrant Visa petition and, therefore, Employee promises to exhaust all means necessary and accomplish the following tasks in a timely manner as required in the petition process:

| Task Assignment | Time Frame | Notes |
|---|---|---|
| NCLEX Licensing | 6 - 8 months | Employee shall take the exam within 3 months upon receiving authorization to test |
| If Applicable: NCLEX re-examination | 4 - 5 months | The Employee is given 13 months from the start of the first NCLEX processing to pass the NCLEX-RN |
| I-140 Filing | 2 - 4 weeks | All documents are compiled concurrent with NCLEX processing and must be completed 2-4 weeks after passing the NCLEX |
| IELTS Certification (English Language Proficiency Test) | 2 - 4 months | Ideally, IELTS processing is concurrent with NCLEX processing or upon passing the NCLEX-RN. |
| Visa Screen certification | Due prior to consular interview | Visa Screen shall be processed on or before I-140 petition is filed. |
| Medical Examination | Due prior to consular interview | This shall be done together with the Employee's dependent(s), if applicable, and costs for the dependent's medical examination shall be shouldered by the Employee. |
| NVC Processing | Due upon approval of I-140 and prior to consular interview | All documents shall be compiled upon approval of the I-140. Employee must complete and submit documents promptly as needed and make himself/herself available to the Employer and US Agencies requesting compliance to the processing. |

(1) The timeline shall commence at the moment the Employee signs this Agreement. The Employee shall complete Task Assignments within the Time Frame allotted. Failure to complete all tasks is considered a breach of this contract.
(2) Should the Employee fail to pass the NCLEX-RN and IELTS (English Language Proficiency Test) the first round, he/she shall take a re-examination from the last date of examination, which days include processing time, within 150 days. Employee shall shoulder all related costs incurred for the re-examination. In cases when



1000 Gates Avenue, Suite 5B
Brooklyn, NY 11221
(T) 718 305 6700
(F) 718 305 6824
www.advancedcarestaffing.com

the Employee fails the NCLEX-RN and/or IELTS, the Employer has the right to terminate the sponsorship at any given time or event and in whatever stages. In such cases, the Employee has the obligation to settle the agreed liquidated damages to the Employer with the substantial expenses spent by the Employer in the petition process as stated in Item 3 below. The liquidation shall be made within <u>30 days</u> from the determination of the result of either exam. This liquidation shall be made through international bank transfer (information regarding the transfer shall be provided to the Employee upon request).

(3) Failure of the Employee to make the proper liquidation shall give rise to the Employer to exercise its right to file a case in court to recover damages for breach of contract. There is failure on the part of the Employee to make payment if on the 31st day from the date of the final determination of the result of the examination, the Employer does not receive the liquidated amount in full; Depending on the outcome of the case, the Employee shall be obligated to indemnify the Employer of the full amount of any and all the damages incurred and/or suffered by the Employer as a result of the breach, as determined by the court including litigation cost.

(4) All petition and NVC Immigrant Visa Application requirements shall be completed, obtained and maintained prior to consular interview. Failure to do so will be considered a breach of this contract and will be subject to the financial obligation of Twenty Thousand US Dollars ($20,000) as stated in the initial Employment Agreement signed by the Employer and Employee exclusive of the amount of any and all damages incurred and suffered by the Employer as a result of the breach plus the litigation cost.

This modification shall be made valid and formed part of the original stated contract.

The Parties reaffirm no other terms and conditions of the above-mentioned original contract not hereby otherwise modified or amended shall be negated or changed as a result of this here stated addendum.

This addendum shall become effective as of  May 7,  2019  .

Attest:

**Sam Klein**                                        **Benzor Shem R. Vidal**
**COO**                                              *Signature over Printed Name*
**AdvancedCare Staffing**                            Registered Nurse



1000 Gates Avenue, Suite 5B<br>
Brooklyn, NY 11221<br>
(T) 718 305 6700<br>
(F) 718 305 6824<br>
www.advancedcarestaffing.com

# ADDENDUM B
## Provisions for ACS-Sponsored Registered Nurses Based Outside USA

This Addendum (the "Addendum") dated this  May 7, 2019 , by and between **ADVANCED CARE STAFFING** with business address at *1000 Gates Avenue, Suite 5B, Brooklyn, NY 11221*, ("Employer") and Benzor Shem R. Vidal, a Registered Professional Nurse and a current resident of 27 Rizal Avenue Extension Mambaling Cebu City, Cebu, Philippines ("Employee").

WHEREAS, the Parties wish to modify the original stated contract, as set forth herein.

NOW THEREFORE, in consideration of the mutual promises herein, the parties, intending to be legally bound, hereby agree that the following constitutes conditions of the stated contract. The contract will be modified as follows.

**WITNESSETH:**

WHEREAS, Employer shall shoulder the following provisions for the Employee for the first month of deployment in the United States:
(1) One (1) one-way airplane ticket for the Employee to the U.S. State where the Employee shall be deployed to. Airfare for the Employee's dependents is not included.
(2) $1000 per month housing subsidy for two (2) months.
(3) One (1) MTA card valid for one (1) month.
(4) Voluntary Health Insurance on pretax basis.

This modification shall be made valid as if they are included in the original stated contract.

The Parties reaffirm no other terms and conditions of the above-mentioned original contract not hereby otherwise modified or amended shall be negated or changed as a result of this here stated addendum.

This addendum shall become effective as of  May 7, 2019 .

Attest:

**Sam Klein**  
**Chief Operations Officer**  
**Advanced Care Staffing**

Benzor Shem R. Vidal  
*Signature over Printed Name*  
Registered Nurse