# EXHIBIT 14



CityPlace II, 185 Asylum Street
Suite 820
Hartford, CT  06103
Tel 860-740-1355  |  Fax 860-578-2075

Writer's Direct Dial:

SAMI ASAAD
860-740-1357
sasaad@fordharrison.com

October 20, 2022

Sara D. Kula, Esq.
Arbitrator
118 N. Bedford Rd. Suite 100
Mt. Kisco, NY 10549

      Re:    *Advanced Care Staffing, LLC v. Benzor Vidal (Case No. 01-22-0002-9008)*

Dear Arbitrator Kula:

On behalf of claimant Advanced Care Staffing, LLC. ("ACS"), we respectfully request that respondent Benzor Vidal's request for a stay of the above-referenced arbitration be denied.

### I.     Introduction

In his request for a stay, Mr. Vidal makes clear that he wants a decision in this forum (the AAA) regarding the substantive issues that form the purported basis of the federal Complaint a copy of which was attached to his request. Mr. Vidal's substantive arguments can be summarized as a contention that any agreement to arbitrate is "illegal" if it allows for the mere possibility that a former employee may have to pay fees if the employer prevails on a breach of contract claim. Mr. Vidal cites no authority to support his position, which is not surprising because prevailing party provisions are extremely common in arbitration agreements. Moreover, as a matter of law (Second Circuit precedent interpreting the Federal Arbitration Act) and the American Arbitration Association's rules, an arbitrator (not a court) has the authority to decide the issue of arbitrability as well as the enforceability of the parties' main agreement, the Amended and Restated Employment Agreement. Furthermore, although Mr. Vidal filed a lawsuit after arbitration was commenced, there has been no order staying this arbitration. Therefore, Mr. Vidal's request for a stay should be denied.

### II.    Background

As set forth in the Demand for Arbitration, ACS seeks damages due to Mr. Vidal's breach of the parties' Amended and Restated Employment Agreement (the "Agreement"). As a result of ACS's fulfilment of its obligations to him, including sponsorship of an immigrant visa, Mr. Vidal has become a Lawful Permanent Resident of the United States (not a "foreign worker" as his lawyers characterize him) free to live and work wherever he pleases. As a Registered Nurse with ACS he was earning annual pay of approximately $70,000.00, and upon information

October 20, 2022

and belief, he is now earning even more elsewhere, given the extremely strong demand for nurses. Despite promising to perform nursing services for a period of three years, he worked for only three *months*. At the time he signed the Agreement, Mr. Vidal had been living and working as a nurse in the United Kingdom and was fluent in English.

Following his resignation, Mr. Vidal engaged Reuben Seguritan, Esq., an attorney with decades of experience in immigration and employment matters (http://seguritan.com/about-us/lawyer-profile/). After the parties' attempts to negotiate settlement failed, throughout which Mr. Vidal was represented, ACS filed its Demand.

### III.   Mr. Vidal's Request for a Stay Should Be Denied

#### A. As a Matter of Law and AAA Rules, the Arbitrator Has Jurisdiction over Questions of Arbitrability and Enforceability

Mr. Vidal's request for stay is premised on his challenge to the enforceability of the parties' Agreement and/or the arbitration provision. Pursuant the parties' agreement itself, the AAA rules, and controlling Second Circuit authority, all such questions must be decided by the arbitrator. To begin with, the parties explicitly delegated questions of arbitrability and enforceability to the arbitrator. The arbitration agreement at issue is broad and expresses the parties' intent to arbitrate "***any dispute***, controversy or claim arising between [the employee] and Employer (including a dispute, controversy or claim arising out of, in connection with or relating to, this Agreement, or other interpretation, performance or breach, termination or validity thereof)." (Emphasis added). Further, Rule 7 of the AAA Commercial Arbitration Rules and Mediation Procedures states: "[t]he arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement or to the arbitrability of any claim or counterclaim, without any need to refer such matters first to a court." Finally, the Second Circuit in *DDK Hotels, LLC v. Williams-Sonoma, Inc.*, 6 F.4th 308 (2d Cir. 2021), held that "where the arbitration agreement is broad and expresses the intent to arbitrate all aspects of all disputes, this – coupled with incorporation of rules that expressly empower an arbitrator to decide issues of arbitrability – constitutes clear and unmistakable evidence of the parties' intent to delegate the question of arbitrability to the arbitrator." *Id.* at 318-19. Therefore, all of Mr. Vidal's arguments regarding the validity of the Agreement, including the arbitration provision are arbitrable. Thus, this arbitration should not be stayed.

#### B. Mr. Vidal's Illegality and Unconscionability Arguments Lack Merit, and In Any Event, Do Not Warrant a Stay

The prevailing party provision, which appears to be the target of all of Mr. Vidal's arguments, is neither illegal nor unconscionable. Moreover, a prevailing party's entitlement to reimbursement for costs and attorney's fees does not constitute a violation of wage and hour laws. "Courts applying New York law have refused to find that fee-splitting provisions in arbitration agreements are unenforceable where plaintiffs have not affirmatively demonstrated

October 20, 2022

that the fee-splitting provisions would preclude them from pursuing their rights in the arbitral forum." *Saizhang Guan v. Uber Techs., Inc.*, 236 F. Supp. 3d 711, 732 (E.D.N.Y. 2017). Mr. Vidal has not demonstrated that the prevailing party provision precludes him from pursuing any rights. Indeed, it was ACS that filed the Demand for Arbitration.

With regard to Mr. Vidal's arguments about wage and hour law, New York courts have found that even termination fees imposed by employment agreements did not constitute illegal kickbacks under the Fair Labor Standards Act ("FLSA"). *See Park v. FDM Grp., Inc.*, 2018 WL 4100524, at *4 (S.D.N.Y. Aug. 28, 2018). "Under New York law, a contract that provides for an award of reasonable attorneys' fees to the prevailing party in an action to enforce the contract is enforceable if the contractual language is sufficiently clear." *NetJets Aviation, Inc. v. LHC Commc'ns, LLC*, 537 F.3d 168, 175 (2d Cir. 2008). Just as in *Crispin Porter & Bogustky LLC v. Watson*, "Respondent does not identify a single federal or New York court that has invalidated an agreement to arbitrate based on the inclusion of a fee-shifting clause." No. 18-MC-384 (VSB), 2019 WL 5079916, at *4 (S.D.N.Y. Oct. 10, 2019) (rejecting argument that attorney fee-shifting clause invalidated an arbitration provision applied to non-discrimination claims). Thus, this argument provides no basis to stay the arbitration.

C. Mr. Vidal is Free to Argue for the Severance of the Prevailing Party Provision in this Arbitration

As demonstrated, there is nothing inherently unconscionable or illegal about a prevailing party provision, but if Mr. Vidal wishes to contend otherwise, he is free to do so in this arbitration. Section 12 of the parties' Agreement expressly allows the arbitrator to decide whether a provision is enforceable or not, and even authorizes the arbitrator to modify a provision "to the extent necessary to comply with applicable law." Accordingly, even if the arbitrator were to determine that there was an issue with the prevailing party provision, such issue can be addressed as part of the arbitration and does not pose any impediment to proceeding with this arbitration.

D. Mr. Vidal's Arguments Regarding the AAA's Position on "Consumer Debt Collection" Are Inapposite

Although Mr. Vidal argues that the AAA's moratorium on consumer debt collection prevents this arbitration from going forward, such moratorium has no bearing on this dispute. A cursory review of ACS's Demand for Arbitration reveals that it is not an attempt to collect consumer debt. Indeed, Mr. Vidal even admits "[t]hat the arbitration at issue here ***does not*** involve a traditional consumer debt collection." (Emphasis added.) The AAA's moratorium on debt collection arbitrations applies only to matters involving "consumer debt collection programs or bulk filing and individual case filing in which the company is the filing party and the consumer has not agreed to arbitrate at the time of the dispute, and the case involves a credit card bill, a telecom bill or a consumer finance matter." https://go.adr.org/consumer-arbitration. ACS's Demand does not include any such claims. Instead, ASC is attempting to recover damages for

October 20, 2022

Mr. Vidal's breach of the Agreement. Thus, the AAA's consumer debt collection moratorium provides no basis to stay this arbitration.

### IV.    Conclusion

For the foregoing reasons, Mr. Vidal's request for a stay of the arbitration should be denied.

Sincerely,

Sami Asaad