# EXHIBIT 15



**towardsjustice.org** | 720-441-2236
2840 Fairfax Street, Suite 220, Denver, CO 80207
PO Box 371680, PMB 44465 Denver, CO 80237-5680

October 28, 2022

**By Email**

Michele Gomez
Manager of ADR Services
American Arbitration Association

Re: *Advanced Care Staffing, LLC v. Benzor Vidal* (Case No. 01-22-0002-9008)

Dear Ms. Gomez:

In her October 24, 2022 order in this matter, Arbitrator Kula applied AAA's "Commercial Arbitration rules," which she reasoned, "govern this matter" pursuant to Advanced Care Staffing's arbitration requirement. But AAA's policies provide that its Employment Rules apply to employment disputes, even if the arbitration requirement at issue says something different.[1] Mr. Vidal requests that AAA place this arbitration in abeyance pursuant to its Employment Rules.[2]

**First**, Employment Rule 1 requires that this arbitration be paused for at least 60 days while the federal court considers Mr. Vidal's declaratory judgment action. *See Vidal v. Advanced Care Staffing*, LLC, 22-cv-5535 (E.D.N.Y.). On September 16, 2022, Mr. Vidal filed his complaint in that matter seeking declaratory and injunctive relief, including an injunction against this arbitration because the arbitration requirement conflicts with federal and state law. On October 20, 2022, Advanced Care Staffing filed a request for a pre-motion conference with respect to a motion to dismiss that complaint, and Mr. Vidal responded to that request on October 27, 2022. Both parties have now sought relief from the federal court, and the matter is ripe for judicial resolution.

AAA should also place this case in abeyance or decline to administer it entirely pursuant to Employment Rule 2. AAA purports to safeguard the due process rights of workers by requiring employers to submit their employment ADR plans to AAA before using AAA to administer employment disputes. It seems unlikely that AAA reviewed Advanced Care Staffing's ADR policy for compliance with its due process principles. That is especially troubling here because this case does not solely involve an employer seeking to compel a worker's claims into arbitration. Rather, here, Advanced Care Staffing seeks to weaponize AAA's arbitration mechanisms and use AAA to collect a purported debt from a low-wage, immigrant employee. While AAA's consumer debt collection moratorium may not expressly apply to efforts to collect a debt from an employee, the due process concerns underlying that moratorium apply with even more force here than in a typical debt collection proceeding. *See* Resp. Letter 3-4 (attached). That is especially true in this case because

---

[1] See, e.g., *Commercial Arbitration Rules & Mediation Procedures* 10 ("A dispute arising out of an employment plan will be administered under the AAA's Employment Arbitration Rules and Mediation Procedures.").

[2] The arbitrator, Ms. Kula, has set a deadline of November 3, 2022, for Mr. Vidal to supplement his arguments that the arbitration provision is unconscionable and unenforceable as a matter of state and federal law. This letter does not constitute that briefing, which Mr. Vidal will submit separately.

courts in New York have concluded that similar employer practices constitute violations of the human trafficking laws. *See, e.g.*, *Paguirigan v. Prompt Nursing Emp't Agency*, 286 F. Supp 3d 430, 535 (E.D.N.Y. 2017). This is precisely the sort of case in which "the Association" should exercise its "right to decline its administrative services." Employment R. 2.

**Second,** for the reasons we explained in our letter requesting a stay of October 6, 2022, conducting this arbitration would violate the Trafficking Victims Protection Act, 18 U.S.C. § 1589 (b), and would facilitate a violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* The arbitration provision is also unconscionable and unenforceable as a matter of state statute and common law. Resp. Letter 1-3 (attached).

**Third,** Mr. Vidal did not have an opportunity to address for the arbitrator the "delegation provision" purportedly included in Advanced Care Staffing's arbitration requirement before the arbitrator issued her order of October 24, 2022. Advanced Care Staffing argues that the question of arbitrability is for the arbitrator to decide based on the arbitration provision's incorporation of AAA's Commercial Rules. Claimant raised this argument for this first time in its letter of October 20, 2022.

Particularly because AAA's Commercial Rules do not appear to apply to this dispute, the arbitration provision does not "clearly and unmistakably" delegate questions of arbitrability to the arbitrator. Furthermore, Respondent signed the arbitration agreement under economic duress—a question of formation regarding the arbitration provision as a whole and the purported delegation clause in particular that necessarily is for the court to decide in the first instance, *Fedor v. United Healthcare, Inc.*, 976 F.3d 1100, 1106–07 (10th Cir. 2020) ("issue[s] of formation . . . cannot be delegated to an arbitrator"), and finally, the delegation clause itself is illegal and unenforceable as a matter of state and federal law. The arbitrator does not have jurisdiction to consider those arguments, which have all been raised for the federal district court.

For all of these reasons, Respondent respectfully requests that AAA administratively place this case in abeyance pending judicial resolution of Respondent's declaratory judgment action.

CC
Sara Kula
Arbitrator

Ann Lesser
Vice President
American Arbitration
Association

**TOWARDS JUSTICE**

**/s/ *David H. Seligman***

David H. Seligman
Juno Turner
Valerie Collins
Towards Justice
(720) 441-2236
david@towardsjustice.org
juno@towardsjustice.org
valerie@towardsjustice.org

2