# EXHIBIT 18

**Rebecca Regniere**

| | |
|---|---|
| **From:** | Sara Kula <sara@sarakula.com> |
| **Sent:** | Monday, October 24, 2022 12:19 PM |
| **To:** | AAA Michele Gomez |
| **Subject:** | Advanced Care Staffing, LLC v. Benzor Vidal - Case 01-22-0002-9008 |

**\*\*\* External E-Mail – Use Caution \*\*\***

Regarding Respondent's Request for a Stay

On October 6, 2022, Respondent submitted a letter requesting a stay of this arbitration proceeding pending resolution of Mr. Vidal's action for declaratory and injunctive relief in the United States District Court for the Eastern District of New Jersey. Respondent argued the matter should be stayed because: (1) the arbitration provision is unenforceable and illegal under federal and state trafficking and wage and hour laws and is unconscionable as a matter of New York common law: (2) AAA's rules and practices support a stay pending judicial resolution of the enforceability of the arbitration provision; (3) conducting this arbitration conflicts with the AAA's moratorium on the administration of debt collection arbitration; and (4) the case involves conduct by Claimant implicating anti-trafficking laws. Claimant submitted a response letter, dated October 20, 2022, requesting that Respondent's request for a stay be denied.

Pursuant to the Parties' Dispute Resolution Provision and AAA's rules, as the Arbitrator in this matter, I have the authority to rule on my own jurisdiction, including with respect to the validity of the arbitration agreement or the arbitrability of any claim. Many of the arguments made by Respondent are premature and do not support the issuance of a stay. Respondent shall have the opportunity during the course of the arbitration to argue that the contract at issue is unenforceable, in whole or in part, and to assert counter-claims concerning the Claimant's alleged unlawful conduct. Furthermore, AAA's Commercial Arbitration rules, which govern this matter, do not provide for a stay in this matter and Claimant's claims do not constitute a consumer debt collection action implicating the AAA's moratorium on such actions.

Respondent also argued that the arbitration agreement is unconscionable under New York law. While Respondent failed to provide sufficient factual or legal support for that position in the October 6, 2022 letter, the Arbitrator will provide Respondent (10) calendar days to supplement its submission relating to procedural and substantive unconscionability; and shall provide Claimant with ten (10) calendar days from the date of Respondent's submission to respond. The Arbitrator also requests that Respondent provides copies of any AAA decisions cited in its communications, including  case nos. 01-02-0015-6896 & 01-20-0015-6897. At this time, the request for a stay is denied, subject to further argument, and the Preliminary Conference Order dated September 22, 2022 shall remain in effect as-is.

*Sara Kula*

Kula Law P.C.
118 N Bedford Rd, Suite 100
Mt Kisco, NY 10549
O: (914) 288-5749
C: (914) 924-0283
(she, her, hers)
sara@sarakula.com

**Click [here](#) to schedule a meeting with Sara**