# EXHIBIT 22



Tracey B. Frisch
SENIOR COUNSEL

120 Broadway, Floor 21
New York, NY 10271
T 212 716 3940
E FrischT@adr.org

adr.org

<u>VIA EMAIL</u> (Roya.Aghanori@ag.ny.gov)

January 9, 2023

Roya Aghanori
Assistant Attorney General
Labor Bureau
28 Liberty Street
New York, NY 10005
Email: Roya.Aghanori@ag.ny.gov

Re:     <u>*Advanced Care Staffing, LLC* v. *Benzor Vidal* (AAA Case No. 01-22-0002-9008)</u>

Dear Ms. Aghanori:

The American Arbitration Association, Inc. ("AAA") received your letter dated January 4, 2023 regarding the above-referenced matter. The AAA understands why the New York State Office of the Attorney General is interested in the Trafficking Victims Protection Act (TVPA), and we are reviewing the extent that issues related to the TVPA are raised in arbitrations administered by the AAA. However, the above-referenced case is an active arbitration where an arbitrator has been appointed and has considered and ruled on a number of disputes among the parties. As a neutral administrative body, the AAA has no authority to vacate or overturn an arbitrator's order, but will stay an arbitration based on party agreement, or a court order which directs the manner in which an arbitration should or should not proceed.

We also note that the minimum due process standards of the Employment Arbitration Rules and Mediation Procedures and the Employment Due Process Protocol provide for a number of important fairness requirements in employment arbitrations, including a party's right to representation, access to information relevant to an arbitration, and the ability of an arbitrator to award whatever relief would be otherwise available in court. Nonetheless, the Protocol does not provide for the AAA itself to make rulings on substantive legal disputes. As further set forth in the enclosed AAA's Letter to the Parties, courts have consistently held that substantive legal determinations are for the court or arbitrator to decide, not the AAA itself.

Your concern was shared with the arbitrator appointed to this matter, and the AAA will abide by any court order directing the manner in which the underlying arbitration should, or should not, proceed.

Very truly yours,

/s/

Tracey Frisch

cc: Sara Kula, Arbitrator, sara@sarakula.com
Eric P. Tuchmann, SVP, General Counsel and Corporate Secretary, AAA, tuchmanne@adr.org

Attorneys for Respondent:
David H. Seligman, Esq., david@towardsjustice.org
Valerie Collins, Esq., valerie@towardsjustice.org
Juno Turner, Esq., juno@towardsjustice.org

Attorneys for Claimant:
Marissa Vitolo, Esq., mvitolo@fordharrison.com
Sami Asaad, Esq., sasaad@fordharrison.com