# EXHIBIT 23



Tracey B. Frisch
**SENIOR COUNSEL**

120 Broadway, Floor 21
New York, NY 10271
**T** 212 716 3940
**E** FrischT@adr.org

adr.org

VIA EMAIL

January 9, 2023

David H. Seligman, Esq.
Towards Justice
2840 Fairfax Street
Suite 220
Denver, CO  80207
Email: David@towardsjustice.org

Re:     *Benzor Shem Vidal v. Advanced Care Staffing, LLC*, United States District Court, Eastern District of New York, Case No. 20-cv-5535; AAA Case No. 01-22-0002-9008

Dear Mr. Seligman:

The American Arbitration Association, Inc. ("AAA") has received your email dated January 4, 2023 regarding the potential litigation seeking injunctive relief in the above-referenced matter. This letter is to advise you that litigation against the AAA would be improper, and that for the reasons provided below the AAA requests you to not name the AAA in this potential litigation.

The AAA is a neutral administrative organization and takes no position as to the arbitrability of the parties' dispute. The AAA will stay an arbitration based upon the appointed arbitrator's order, party agreement, or, whether or not the AAA is a party to a court action, the AAA will abide by any court order directing the manner in which the underlying arbitration should, or should not, proceed.

It has long been the general policy of the AAA not to participate in litigation related to an arbitration administered by the AAA. To do otherwise would require the AAA to step out of its impartial administrative role and potentially place it in an adversarial position with some or all of the parties. Furthermore, relevant case law clearly provides that the AAA has no part to play in such litigation, nor does it have any stake in the outcome of the arbitration.

Courts from around the country have regularly, and uniformly, applied the doctrine of arbitral immunity to dismiss lawsuits against arbitrators and provider organizations. *See, e.g., Int'l Medical Group, Inc. v. American Arbitration Ass'n,* 312 F.3d 833, 843 (7th Cir. 2002), *cert. denied*, 124 S.Ct. 150 (2003) (applying arbitral immunity and noting that "suing an arbitrator [is] comparable to suing jurors when a litigant is dissatisfied with the outcome of a lawsuit"); *New England Cleaning Servs., Inc. v. American Arbitration Ass'n*, 199 F.3d 542, 545 (1st Cir. 1999)

1

("the AAA's administrative acts … were sufficiently related to the arbitration to be protected by immunity"); *Honn v. Nat'l Ass'n of Sec. Dealers,* 182 F.3d 1014, 1017 (8th Cir. 1999) ("Arbitral immunity protects all acts within the scope of the arbitral process") (internal quotations omitted); *Olson v. Nat'l Ass'n of Sec. Dealers*, 85 F.3d 381, 382 (8th Cir. 1996) ("Because an arbitrator's role is functionally equivalent to a judge's role, courts of appeals have uniformly extended judicial and quasi-judicial immunity to arbitrators"); *Corey v. New York Stock Exch., Inc.,* 691 F.2d 1205, 1209 (6th Cir. 1982) ("the NYSE, acting through its arbitrators, is immune from civil liability for the acts of the arbitrators arising out of contractually agreed upon arbitration proceedings"); *Cherdak v. Am. Arb. Ass'n*, 443 F.Supp.3d 134, 156 (D.C. 2020) (granting arbitral immunity as to the plaintiff's declaratory judgment claim).

Consistent with the doctrine of arbitral immunity, courts have additionally held that the AAA is an improper and unnecessary party to an action to enjoin an arbitration. Such an injunction if granted customarily enjoins the claimant from proceeding with its claim, thereby discontinuing the arbitration. The case of *New England Cleaning Services v. AAA,* 199 F.3d 542 (1st Cir. 1999), is directly relevant in this respect. In that case, the First Circuit Court of Appeals addressed the dismissal of a complaint against the AAA for processing a demand for arbitration despite the plaintiff's insistence that there was no valid agreement to arbitrate.

In their decision, the First Circuit held that the AAA's administrative acts of commencing administration of an arbitration, scheduling a hearing and appointing an arbitrator were protected by arbitral immunity. In addition, the Court fully endorsed the AAA's administrative procedures relating to arbitrability disputes which "forced the arbitrability issue to be decided by an arbitrator…or the court—the two tribunals logically equipped to handle the issue." *Id.* at 546. It is important to note that the First Circuit held that the AAA enjoyed immunity from the suit, despite finding that the underlying dispute at issue was not arbitrable.

As another court stated in *Hospitality Ventures of Coral Springs, L.C. v. AAA,* 755 So.2d 159, 160 (Fla.App. 4 Dist. 2000):

> Where there is a dispute between the parties to a contract concerning the propriety of arbitration, the proper remedy is for a party to apply to the court for an order compelling or staying arbitration….The only proper parties to a lawsuit…to determine the propriety of arbitration are the parties to the arbitration agreement, not the potential arbitrators. The law does not require potential arbitrators to expend the time and money to participate in a lawsuit where the parties are fighting over the arbitrability of a dispute.

As further observed by the court in *McKown v. AAA*, 444 S.E.2d 114 (Ga. Ct. App. 1994):

> [T]he courts of other jurisdictions appear to have rejected any argument that [the AAA] has an interest in the subject matter of the controversies submitted to it for arbitration and have held defendant is an unnecessary party in judicial proceedings seeking to enjoin arbitration. *Id.* at 115.

Other courts have similarly held that the AAA is not even a nominal party to legal proceedings relating to the arbitrability of a dispute administered by the Association. *See Brandon, Jones v. MedPartners,* 203 F.R.D. 677, 688 (S.D. Fla. 2001) ("Just as it would interfere unduly with the

2

legal system to permit suits against empanelled jurors, a suit against a chosen arbitration panel threatens to scuttle the efficacy of arbitration…."); *Peters Sportswear Co. v. AAA*, 427 Pa. 152, 155 (Pa. 1967) (noting AAA's rules providing that "'the AAA is not a necessary party in judicial proceedings relating to the arbitration'"); *Aberle Hosiery Company v. AAA*, 337 F.Supp. 90, 92 (E.D. Pa. 1972) ("The American Arbitration Association is…an unnecessary party. Clearly it has no interest in the subject matter of this action."); *Candor Central School District v. AAA*, 411 N.Y.S.2d 162,164 (NY Sup. Ct. 1978) ("By designating AAA in the collective bargaining agreement … those parties impliedly adopted AAA's rules…Those rules provide that AAA is not a necessary party in related judicial proceedings and it is apparent that its objectivity is best preserved if it is not a party") (citations omitted); *Davidson County v. AAA*, 1995 U.S. Dist. LEXIS 8753, at *6 (M.D.N.C. 1995) ("since the AAA serves the function of a quasi-judicial forum, it is not a proper party to the dispute").

In addition to the conclusions of the courts in the authorities cited above, the AAA's approach toward litigation relating to an arbitration is reflected in Rule R-42(b) of the Employment Arbitration Rules which states that "[n]either the AAA nor any arbitrator in a proceeding under these rules is or shall be considered a necessary or proper party in judicial proceedings relating to the arbitration."

The language in the AAA rules providing that arbitrators and the AAA are not necessary parties in litigation relating to an arbitration has found judicial support in *Candor Central School District*, where the court examined the AAA rules governing the original arbitration and held that:

> Those rules provide that AAA is not a necessary party in related judicial proceedings (citation omitted), and it is apparent that its objectivity is best preserved if it is not a party. Naming AAA as a party even without appearance and answer also necessitates some legal costs to it which are ultimately borne by the parties to the arbitral process. 411 N.Y.S.2d at 164.

Moreover New York courts have consistently held that arbitrators and arbitral organizations are immune from lawsuits. In *Babylon Milk and Cream Co., Inc. v. Horvitz*, 151 N.Y.S.2d 221 (1956), aff'd memo, 165 N.Y.S.2d 717 (App.Div. 1957), the court held that for the purpose of immunity it saw "…no reason to distinguish between a judge and an arbitrator. . . . The analogy is clear, and considering the favor in which arbitration is held by the courts of this state, the same rule of immunity should apply to arbitrators as applies to the judiciary, inasmuch as the same reasons of public policy are applicable." *Id.* at 224. In addition, in *Rubenstein v. Otterbourg*, 357 N.Y.S.2d 62 (1973), the court extended such immunity to arbitral associations, holding that such entities "…perform with respect to arbitrators functions similar to those performed by the Judicial Conference, the Administrative Boards and the Appellate Division with respect to judges. They are in effect quasi-judicial organizations; and an expanding umbrella of immunity is being extended over them…" *Id.* at 64. *See also Siskin v. Cassar*, No. 16414/10, 2014 WL 5836270, at *3 (N.Y. App. Div. Nov. 12, 2014) (upholding dismissal of complaint against the AAA under theories of negligence and breach of contract based on AAA's immunity under New York law).

Federal Courts in New York have also held that arbitral immunity applies to arbitrators and

3

sponsoring organizations. In *Austern v. Chicago Bd. Options Exch., Inc.*, 898 F.2d 882, 886 (2d Cir. 1990), *cert. denied*, 498 U.S. 850 (1990), the court held that "arbitrators in contractually agreed upon arbitration proceedings are absolutely immune from liability in damages for all acts within the scope of the arbitral process." The court further found that:

> As with judicial and quasi-judicial immunity, arbitral immunity is essential to protect the decision-maker from undue influence and protect the decision-making process from reprisals by dissatisfied litigants. *Id.* at 886.

*See Landmark Ventures, Inc. v. Cohen,* No. 13 Civ. 9044(JGK), 2014 WL 6784397, at *4 (S.D.N.Y Nov. 25, 2014) (recognizing "under well-established Federal common law, arbitrators and sponsoring arbitration organizations have absolute immunity for conduct in connection with an arbitration" and suit against the arbitrator and the sponsoring arbitration organization was "a clear attempt to circumvent the exclusive means to challenge an arbitration award and precisely the type of action arbitral immunity was created to prevent."); *Global Gold Mining, LLC v. Robinson*, 533 F. Supp. 2d 442, 448 (S.D.N.Y. 2008) ("[a]ny action to ask this or another court 'whether or not there is a binding arbitration agreement' must be brought as a motion to compel arbitration against the party resisting arbitration," and not as an injunctive action against the arbitral administrative institution.); *Prudential Bache-Securities (Hong Kong) Ltd. v. National Ass'n of Securities Dealers Dispute Resolution, Inc*., 289 F.Supp.2d 438, 440 (S.D.N.Y. 2003) ("[T]he court concludes that arbitrators and their sponsors are immune from suit for jurisdictional determinations made in their capacity as arbitrators."); *Yadav v. New York Stock Exchange, Inc.*, No. 91 Civ. 2256, 1992 WL 197409, at *3 (S.D.N.Y. August 4, 1992) ("[T]he doctrine of arbitral immunity extends to boards, exchanges and other entities that sponsor and administer arbitrations.").

I trust that this adequately explains the AAA's position. Please be advised that whether or not the AAA is a party to a court action, the AAA will abide by any court order directing the manner in which the underlying arbitration should, or should not, proceed. Given that you do not need the AAA as a defendant in order to obtain the relief you seek, I hope you will agree to not name the AAA.

Very truly yours,

/s/
Tracey Frisch


cc:   Valerie Collins, Esq., valerie@towardsjustice.org
      Juno Turner, Esq., juno@towardsjustice.org
      Marissa Vitolo, Esq., mvitolo@fordharrison.com
      Sami Asaad, Esq., sasaad@fordharrison.com