

towardsjustice.org | 720-441-2236
303 E. 17th Street, Suite 400 Denver, CO 80203
PO Box 371680, PMB 44465 Denver, CO 80237-5680

February 6, 2023

**By CM/ECF**
Judge Nina R. Morrison
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *Vidal v. Advanced Care Staffing, LLC*, 22-cv-05535-NRM-MMH (E.D.N.Y.)

Dear Judge Morrison:

Towards Justice, along with Kakalec Law PLLC and Nichols Kaster, PLLP, represents Plaintiff Benzor Shem Vidal in the above-captioned matter. We write to submit the attached letter from the Office of the New York State Attorney General ("OAG") to the American Arbitration Association ("AAA") regarding the AAA's administration of arbitration proceedings against foreign nurses like Mr. Vidal. *See* Ex. 1. This new letter provides further support for Plaintiff's pending motion for a preliminary injunction (the "Motion").

As described in the Motion, the OAG previously wrote to the AAA expressing "grave concerns" about the terms of Defendant's contract with Plaintiff, which it stated "appear invalid and unlawful under the [Trafficking Victims Protection Act]," and the use of the arbitration proceedings, which threaten to impose devastating costs on Mr. Vidal. *See* Pl.'s Mem., ECF No. 23-1, at 10; OAG Ltr., ECF No. 23-22. The OAG urged AAA to consider staying the matter pending this Court's review of the legality of the arbitration requirement. *See id.* The OAG also urged AAA to decline to administer future arbitrations brought under similar circumstances "concerning unlawful contract provisions that violate the TVPA and seek unenforceable penalties." OAG Ltr. at 3. On January 9, 2023, AAA responded in letters to Mr. Vidal's counsel and the OAG, asserting that it could not stop the arbitration because an arbitrator had been appointed. *See* ECF No. 23-24.

In recent weeks, we also became aware that Advanced Care Staffing ("ACS") and a related corporate entity called Priority Care Staffing ("PCS") continue to initiate arbitrations before AAA to collect tens of thousands of dollars from other foreign nurses who have left their jobs with those companies because of alleged dangerous working conditions. On January 25, 2023, I emailed AAA to alert it to two additional arbitrations filed by Defendant ACS and PCS against foreign nurses under circumstances virtually identical to those of this case, except in those cases, no arbitrator had been appointed. In each case, AAA responded that "[a]s there is no party agreement or court order staying the arbitration, we are proceeding with administration." *See* Ex. 2.

In the attached letter, which the OAG sent to AAA on February 2, 2023, the OAG pointed out that "by [AAA's] own standard," it could "decline to administer these arbitrations in light of the serious labor trafficking concerns" raised—but that AAA "has taken an opposite approach." Ex. 1 at 2. The OAG further emphasized that the AAA's decision to allow these arbitration proceedings

to go forward is "further enabling labor trafficking violations through threats of serious legal and financial harm." *Id.*

AAA's insistence on moving forward in the face of OAG's repeated requests that it re-examine these proceedings further underscores that, absent intervention by this Court, AAA will continue to proceed with the arbitration and ignore the legitimate concerns raised by Mr. Vidal in the pending arbitration. For these reasons, as well as those raised in Plaintiff's Motion, the Court should preliminarily enjoin the arbitration against Mr. Vidal until the Court rules on whether the arbitration provision in this case contains a clear and unmistakable delegation clause and whether any such delegation clause is valid and enforceable.

We thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ David H. Seligman*
David H. Seligman

Enclosure

cc: All counsel of record by ECF

# EXHIBIT 1

**STATE OF NEW YORK**
**OFFICE OF THE ATTORNEY GENERAL**

| | |
|---|---|
| **LETITIA JAMES**<br>**ATTORNEY GENERAL** | **DIVISION OF SOCIAL JUSTICE**<br>**LABOR BUREAU** |

February 2, 2023

**Via Electronic Mail** (FrischT@adr.org)
Tracey Frisch
Senior Counsel
American Arbitration Association

Re:   *Unlawful Liquidated Damages Provisions in Employment Contracts and Advanced Care Staffing, LLC v. Benzor Vidal* (Case No. 01-22-0002-9008)

Dear Ms. Frisch:

I write in response to your correspondence dated January 9, 2023, regarding unlawful contract provisions seeking unenforceable penalties for early termination. At the outset, we disagree with your characterizations of the requests in our first letter dated January 4, 2023. The New York State Office of the Attorney General (the "OAG") did not ask the American Arbitration Association ("AAA") to "make rulings on substantive legal disputes" (AAA letter, Jan. 9, 2023). We asked the AAA to take notice of a federal court ruling that a contract provision requiring nurses to pay up to $25,000 in liquidated damages if they failed to complete the full three-year employment term, was an unenforceable penalty and a forced labor violation under the Trafficking Victims Protection Act ("TVPA").[1] In light of this analysis, the OAG urged AAA to decline to administer cases enforcing similar unlawful contract provisions, so that employers may no longer use AAA's arbitration program as a tool for labor trafficking.

While we disagree with your position that the AAA does not have the authority to stay a matter where an arbitrator has been assigned, there are additional matters of similar concern where an arbitrator has not yet been assigned. Specifically, *Advanced Care Staffing, LLC v. Nicolle De Jesus* (AAA Case Number: 01-22-0005-1525) and *Priority Care Staffing LLC v. Cherry Lyn Miclat* (AAA Case Number: 01-22-0005-0938,) have the same illegality issues that were raised in in our January 4th letter. In both of these matters, Advanced Care Staffing ("ACS") and Priority Care Staffing ("PCS") are attempting to enforce contract provisions identical to the provisions at issue in *Vidal*, demanding a substantial penalty fee from nurses who were recruited from a foreign nation, because they refused to work in unsafe conditions, and failed to complete their three-year employment terms. As stated in our Jan 4th letter, these contract provisions appear invalid and unlawful under the TVPA.

---

[1] See OAG letter dated January 4, 2023, pg. 2-3. *See also Paguirigan v. Prompt Nursing Emp't Agency LLC*, No. 17-cv-1302 (NG) (JO), 2019 U.S. Dist. LEXIS 165587, at *9, 54 (E.D.N.Y. Sep. 23, 2019).

February 2, 2023
Page 2

As neither of these new cases against De Jesus and Miclat have appointed arbitrators, by declining to administer the proceedings, or staying them in the least, the AAA would not be overturning an arbitrator's order. The AAA would therefore, by its own standard, be well within its rights to decline to administer these arbitrations in light of the serious labor trafficking concerns. However, AAA has taken an opposite approach. Despite requests made in both proceedings to stay the arbitration, AAA has demanded the parties return their list for selection of an arbitrator or else an arbitrator will be appointed.

We reiterate our request that AAA exercise caution in reviewing the pending arbitration matter, *ACS v. Vidal* (AAA Case No. 01-22-0002-9008) and further request AAA stay the arbitration, and decline to administer, or stay, the arbitration matters *ACS v. De Jesus* (AAA Case Number: 01-22-0005-1525) and *PCS v. Miclat* (AAA Case Number: 01-22-0005-0938). These proceedings are an undue burden on vulnerable workers whose rights have been violated and who now must defend themselves in arbitration against unlawful contract provisions. AAA must consider the serious implications of allowing these arbitration proceedings to go forward, further enabling labor trafficking violations through threats of serious legal and financial harm.

Please provide a response no later than February 10, 2023, addressing the OAG's request to decline or stay the above-mentioned matters against Vidal, De Jesus, and Miclat. Please also provide a response to the OAG's previous request for AAA to perform a review of similar open matters. We are available for a phone conversation if that would be helpful.

Sincerely,

*/s/ Roya Aghanori*
Roya Aghanori
Assistant Attorney General
Labor Bureau
(212) 416-6132
Roya.Aghanori@ag.ny.gov

Cc:   Ann Lesser, AAA (LesserA@adr.org)
Michele Gomez, AAA (GomezM@aaamediation.org)
Gregory Marrone, AAA (GregoryMarrone@adr.org)
Sara Kula, Arbitrator, AAA (Sara@sarakula.com)

David H. Seligman, Towards Justice (David@towardsjustice.org)
Valerie Collins, Towards Justice (valerie@towardsjustice.org)
Juno Turner, Towards Justice (juno@towardsjustice.org)
Marissa Vitolo, Ford Harrison (mvitolo@fordharrison.com)
Sami Asaad, Ford Harrison (sasaad@fordharrison.com)

Cherry Miclat (cherrylyn_de_guzman@yahoo.com)
Nicolle De Jesus (nicollesolis@yahoo.com)