UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Benzor Shem Vidal,<br><br>     Plaintiff,<br><br>  v.<br><br>Advanced Care Staffing, LLC,<br><br>     Defendants. | No. 1:22-cv-05535-NRM-MMH<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION |

NINA R. MORRISON, United States District Judge:

  Plaintiff Benzor Shem Vidal seeks a preliminary injunction temporarily pausing a pending arbitration brought against him by defendant Advanced Care Staffing, LLC. Specifically, plaintiff seeks this injunction of the pending arbitration while this Court adjudicates the merits of his legal challenges to the enforceability of what Defendant contends is a binding arbitration agreement contained in a contract signed by the parties in January 2022. Plaintiff's motion for a preliminary injunction is hereby GRANTED, with an opinion to follow setting forth the reasons for the Court's decision at greater length.[1]

---

[1] At oral argument on February 21, 2023, the parties indicated that they each had an important interest in a prompt ruling on the motion for a preliminary injunction, in light of the ongoing arbitration and other factors. Given the complexity of the issues presented in the motion, Plaintiff indicated he had no objection to the Court proceeding by ruling on the motion by brief written order with a longer opinion to follow. In a notice of supplemental authority, ECF No. 38, Defendant clarified that it would have no objection to proceeding in this manner as long as any order granting a preliminary injunction expressly acknowledged that doing so constitutes a denial of Defendant's

It is well settled in the Second Circuit that "a party seeking a preliminary injunction [must] show (a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief." *Citigroup Global Markets, Inc. v. VCG Special Opportunities Master Fund, Ltd.*, 598 F.3d 30, 35 (2d Cir. 2010) (internal quotation marks and citation omitted). Here, the Court finds that Plaintiff is either likely to succeed on the merits of one or more of his claims, or has, at the very least, raised sufficiently serious questions going to the merits of those claims as to warrant preliminary injunctive relief.

The claims as to which the Court finds that plaintiff has met this burden are (1) that the purported delegation clause in the parties' written contract is not "clear and unmistakable," *see Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 530 (2019); and (2) that even if it were clear and unmistakable, the delegation clause is invalid and unenforceable because it is (a) unconscionable under New York law, and (b) violates the Trafficking Victims Protection Act, 18 U.S.C. § 1589 *et seq. See Gingras v. Think Fin., Inc.*, 922 F.3d 112, 126 (2d Cir. 2019) (noting that "[a] specific attack on the delegation provision is sufficient to make the issue of arbitrability one for a federal court," and proceeding to find that the challenged provisions were invalid and

---

previously filed request for a pre-motion conference on a proposed motion to compel arbitration. *See* ECF No. 11. Because the legal authorities and relief contemplated in Defendant's proposed motion to compel arbitration are within the scope of the issues presented in Plaintiff's motion for a preliminary injunction, Defendant's request for a pre-motion conference regarding a motion to compel arbitration is denied as moot.

- 2 -

unenforceable under state and federal law). The Court further observes that there are at least serious questions as to whether the "loser pays" provision in the parties' agreement—which would require the party who does not prevail in arbitration to pay an undetermined amount of attorneys' fees incurred by the prevailing party—can be severed from the agreement, at least at the preliminary injunction stage.

Plaintiff has satisfied the remaining preliminary injunction factors. *See Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008); *Citigroup Global Mkts., Inc.,* 598 F.3d at 34. In light of the Court's finding as to Plaintiff's likelihood of success and/or sufficiently serious questions raised as to the merits of the foregoing legal claims, Plaintiff has adequately demonstrated irreparable harm, since forcing an individual to arbitrate a matter that is not properly subject to arbitration constitutes *per se* irreparable harm. *See Citigroup Global Mkts. Inc. v. VCG Special Opportunities Master Fund Ltd.*, No. 08-cv-5520 (BSJ), 2008 WL 4891229, at *2 (S.D.N.Y. Nov. 12, 2008).

The Court further finds that the balance of hardships tips decidedly in Plaintiff's favor. *See Citigroup Global Mkts.*, 598 F.3d at 35. Defendant's only individualized assertion of harm caused by the issuance of a preliminary injunction is the predicted negative impact of a preliminary injunction on an expedited resolution of the question of arbitrability and the parties' underlying breach of contract dispute. But both parties' shared interest in an efficient, prompt and final resolution of this matter can just as easily be achieved in this Court.[2]

---

[2] In that regard, as indicated by the Court at oral argument, the parties are welcome to submit a proposed expedited briefing schedule on cross-motions for

Further, the injunction is in the public interest, *see Winter*, 555 U.S. at 20, in light of the important interest in vindicating the rights of workers like Plaintiff to freely challenge contract provisions that may be unconscionable under New York law or may result in forced labor as defined by Congress in the Trafficking Victims Protection Act. *See* 18 U.S.C. § 1589.

Accordingly, it is hereby ORDERED that Plaintiff's motion for a preliminary injunction is granted. A written opinion will follow.

                                                 */s/ Nina R. Morrison*
                                                 NINA R. MORRISON
                                                 United States District Judge

Dated:    February 24, 2023
            Brooklyn, New York

---

summary judgment without a pre-motion conference letter (as is typically required by this Court's Individual Rules), either at this time or after engaging in discovery.