

O'Melveny & Myers LLP
Times Square Tower
7 Times Square
New York, NY 10036-6537

T: +1 212 326 2000
F: +1 212 326 2061
omm.com

April 5, 2024

**David N. Kelley**
D: +1 212 326 2106
dkelley@omm.com

**BY CM/ECF**

The Honorable Nina R. Morrison
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *Vidal v. Advanced Care Staffing, LLC*, No. 22-cv-5535-NRM-MMH

Dear Judge Morrison:

This firm, along with Dechert LLP, represents defendant Advanced Care Staffing, LLC ("ACS") in the above-captioned action.  Pursuant to Your Honor's April 1, 2024 Docket Order, we submit the below proposed briefing schedule for ACS' motion to dismiss or, alternatively, to compel arbitration.[1]

Counsel for Benzor Shem Vidal ("Vidal") has taken the position that letter briefs on the merits of ACS' forthcoming motion are appropriate, and has proposed a joint letter to the Court to that effect.  The proposed letter also regurgitates the same arguments Vidal made in the joint status letter submitted to Magistrate Judge Henry concerning whether discovery should commence before or after the Court rules on ACS' forthcoming motion.  *See* ECF No. 59.  But Your Honor's April 1, 2024 Docket Order explained that a pre-motion conference is "unnecessary" and that "[t]he parties may proceed to briefing on Defendant's motion to dismiss or, alternatively, to compel arbitration."  Consistent with that clear instruction, ACS proposes the following briefing schedule for its forthcoming motion:

- **May 10, 2024** – ACS serves memorandum of law in support of its motion to dismiss or, alternatively, its motion to compel arbitration.
- **June 7, 2024** – Vidal serves memorandum of law in opposition to ACS' motion to dismiss, or, alternatively, its motion to compel arbitration.

---

[1] As a threshold matter, the Second Circuit has not yet issued the mandate in *Vidal v. Advanced Care Staffing, LLC*, No. 23-303 (2d Cir. Mar. 7, 2024), and so it is unclear if jurisdiction has reverted to the district court.  *See, e.g., United States v. Rogers*, 101 F.3d 247, 251 (2d Cir. 1996) (explaining that jurisdiction does not revert to the district court until "the issuance of the mandate by the clerk of the court of appeals").  Nevertheless, ACS submits this letter out of an abundance of caution.



- **June 28, 2024** – ACS serves reply brief in support of its motion to dismiss, or, alternatively, its motion to compel arbitration, and file the fully bundled motion on CM/ECF consistent with Rule 5.2.3 of Judge Morrison's Individual Practice Rules

Counsel for Vidal has indicated that it wants to take discovery first, and proposes the following briefing schedule, which would occur *after* months of discovery:

- **August 30, 2024** – ACS serves memorandum of law in support of its motion to dismiss or, alternatively, its motion to compel arbitration.
- **September 20, 2024** – Vidal serves memorandum of law in opposition to ACS' motion to dismiss, or, alternatively, motion to compel arbitration.
- **October 4, 2024** – ACS serves reply brief in support of its motion to dismiss, or, alternatively, to compel arbitration, and file the fully bundled motion on CM/ECF consistent with Rule 5.2.3 of Judge Morrison's Individual Practice Rules

* * *

For the reasons more fully described in the joint letter properly directed to Magistrate Judge Henry, ACS opposes discovery until the Court rules on ACS' forthcoming motion, the result of which could be to compel arbitration or dismiss Vidal's claim. Such resolution would render discovery moot, making this discovery-before-motion practice sequencing improper and wasteful.

Counsel for Vidal has nevertheless indicated he will submit a lengthy letter brief on the issue. ACS does not believe such briefing is proper, but should the Court disagree, ACS respectfully requests permission to fully brief the issue of improperly commencing months of merits discovery before ACS may follow the Court's April 1, 2024 Order and move to dismiss or, alternatively, to compel arbitration.

Sincerely,

*/s/ David N. Kelley*

David N. Kelley